UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE JEFFERSON,

                Plaintiff,

-against-

YOUNG BROWN,

                Defendant.

1:24-CV-7645 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Tyrone Jefferson, of Hollis, Queens County, New York, who appears *pro se*, filed this action invoking the court's federal question jurisdiction, and he seeks the following relief: "I want my identity back[,] money[,] TV, [binoculars,] drone[,] mail[,] checks[,] medication. [*sic*]" (ECF 1, at 6.) He sues another individual, Young Brown, who appears to also reside in Hollis, Queens, New York. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff seems to allege that Defendant Young Brown resides, like him, in Hollis, Queens County, New York. (ECF 1, at 3.) Queens County lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), not within this judicial district.[1] Thus, under Section 1391(b)(1), the United States District Court for the Eastern District of New York is the only proper venue for this action.

In addition, because Plaintiff alleges that the events that are the bases for his claims also occurred in Hollis, Queens County, New York (ECF 1, at 5), in the Eastern District of New York, *see* § 112(c), and not in this judicial district, the United States District Court for the Eastern District of New York, and not this court, is also the only proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the reasons discussed above, the United States District Court for the Eastern District of New York, and not this court, is the only proper venue for this action. Accordingly, in the interest of justice, this Court transfers this action to the United States District Court for the Eastern District of New York. *See id.*

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a). Whether a court should permit Plaintiff to proceed further without prepayment of fees (ECF 2), and whether a court should request *pro bono* counsel to represent Plaintiff (ECF 3),[2] are determinations to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court. The Court directs the Clerk of Court to terminate all matters pending on this court's docket of this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 15, 2024
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge

---

[2] Plaintiff's application for the court to request *pro bono* counsel is not signed. (ECF 3.)